# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1448-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

A.S.,[1]

     Defendant-Appellant.

_____

Submitted November 18, 2020 – Decided December 11, 2020

Before Judges Whipple, Rose and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 11-03-0264.

Joseph E. Krakora, Public Defender, attorney for appellant (Charles P. Savoth, III, Designated Counsel, on the brief).

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Milton S. Leibowitz, Special Deputy Attorney General/Acting Assistant Prosecutor, on the briefs).

---

[1] We use initials to protect the privacy of the victim. See R. 1:38-3(c)(12).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant A.S. appeals from a September 13, 2018 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we decline to consider those arguments defendant raises for the first time on appeal and otherwise affirm because defendant failed to establish a prima facie showing of ineffective assistance of counsel.

I.

In 2013, a jury convicted defendant of sexually assaulting and endangering the ten-year-old niece of his girlfriend. The details underlying those convictions are set forth in our prior opinion and need not be repeated here. See State v. A.S., No. A-5420-13 (App. Div. Oct. 26, 2015) (slip op. at 2-7).

Pertinent to this appeal, the charges were brought to light after the victim's grandmother – who also was the aunt's mother – "discovered a link to a video depicting the victim sleeping in a bed as a black man's hand pulled her underwear down and exposed her vagina." Id. at 2. As detailed in our prior opinion, defendant moved to suppress the video recording; following the State's

A-1448-18T1

emergent appeal to this court, the recording was admitted in evidence.  Id. at 3-5, 8.  At the conclusion of the two-day trial, defendant was convicted.  Id. at 5.

Prior to sentencing, defendant moved for a new trial, claiming his attorney "had prior business dealings with either the child's father . . . or his relatives or associates."  Id. at 5.  The trial court granted defendant's companion application to retain another attorney to represent him on the new trial motion and at sentencing.  Ibid.

Thereafter, the court conducted an evidentiary hearing on defendant's contention that trial counsel's conflict of interest warranted a new trial. Defendant, his girlfriend, and trial counsel testified in that regard.  Id. at 5-6. Defendant also asserted he was entitled to a new trial because "he received a letter from an Essex County Prosecutor which stated that the child was involved in a separate sexual assault by another family member."  Id. at 6.  Defendant claimed that "newly discovered evidence could have been used at trial to cast doubt on the child's testimony."  Ibid.  The trial court denied defendant's motion for a new trial on both grounds.  Ibid.  Defendant was sentenced to an aggregate seven-year prison term, with an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2.

A-1448-18T1

Defendant then filed a direct appeal, primarily arguing the trial court erroneously admitted the video recording in evidence and denied his motion for a new trial on both grounds presented to the trial court. Id. at 8, 11-12. Regarding the video recording, defendant claimed the State failed to properly authenticate the recording and its probative value was substantially outweighed by its prejudice. Ibid. Defendant did not challenge his sentence. We rejected defendant's arguments and affirmed. Id. at 13. The Supreme Court denied defendant's petition for certification. 224 N.J. 282 (2016).

Defendant, through counsel, timely petitioned for PCR in April 2018, alleging ineffective assistance of trial counsel.[2] Asserting he was "working at Amtrak in Sunnyside Queens, N[ew] Y[ork] while the crime took place[,]" defendant claimed trial counsel failed to investigate alibi witnesses. Contending he discovered "after the trial" his attorney "had handled three legal matters for people related to [the victim's father,]" defendant contended trial counsel "had [an undisclosed] conflict of interest." Defendant further claimed his attorney's

---

[2] According to the PCR judge's written decision, defendant apparently filed a pro se PCR petition on October 24, 2017, seeking "relief due to 'Hearsay - inadmissible' and 'Evidence - not authenticated.'" As noted by the judge, defendant also filed a handwritten supplemental brief, asserting counsel was deficient for a multitude of additional reasons, without a supporting certification. The record on appeal does not contain defendant's pro se petition or supplemental brief.

performance at trial was deficient because he failed to raise the then-thirteen-year-old victim's competency to testify and failed to object "to continuous leading questions."

In his accompanying brief, PCR counsel expounded upon defendant's assertions and further contended trial counsel failed to argue "the grandmother did not have authority to access [her daughter]'s computer[,]" where she observed the video recording. At the judge's invitation after argument, PCR counsel supplemented his brief, solely as to whether defendant had standing to contest the grandmother's authority to obtain the video recording.

Thereafter the PCR judge, who was not the trial judge, issued a cogent written decision denying PCR. In doing so, the judge squarely addressed all issues raised in view of the governing legal principles. The judge applied the two-prong test established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), and subsequently adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), and found defendant was not entitled to an evidentiary hearing because he did not establish a prima facie case of ineffective assistance of counsel. This appeal followed.

In his counseled brief, defendant limits his arguments to the following overlapping points for our consideration:

POINT I

DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE COUNSEL WHEN DEFENSE COUNSEL FAILED TO PERSUADE [THE TRIAL] COURT TO STRIKE THE STATE'S PREJUDICIAL COMMENTS DURING CLOSING TELLING THE JURY THEY COULD RELY UPON THE COLOR OF DEFENDANT'S HANDS TO CONCLUDE THE HAND IN THE CRITICAL VIDEO AT ISSUE WAS DEFENDANT'S HAND, DESPITE THE STATE HAVING PROVIDED NO EXPERT OR LAYPERSON TESTIMONY TO THAT EFFECT[.]
([N]ot raised below)

POINT II

IT WAS AN ABUSE OF DISCRETION FOR THE PCR COURT TO DENY DEFENDANT AN EVIDENTIARY HEARING TO ALLOW DEFENDANT TO FULLY ADDRESS HIS CONTENTION THAT HE WAS WRONGFULLY CONVICTED DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL IN ESTABLISHING THE HAND THAT WAS IN THE VIDEO AT ISSUE COULD NOT HAVE BEEN HIS AS HE HAD TATTOOS ON BOTH HANDS[.]
([N]ot raised below)

In his pro se brief, defendant raises the following additional arguments,

which we renumber for the reader's convenience:

POINT [III]

[The] Prosecutor withheld exculpatory evidence. Photographs of . . . defendant[']s hands that display

6

tattoos were not turned over to . . . defendant[,] depriving his counsel of a proper defense which resulted in "fundamental injustice." R. 3:22-4([a])(2).
[(Not raised below)]

POINT [IV]

[D]efendant was denied his right to effective assistance of counsel guaranteed by the [S]ixth [A]mendment of the United States Constitution and Article 1 paragraph 10 of the New Jersey Constitution.

[A].     Defendant was deprived [the effective] [a]ssistance of [c]ounsel, as trial counsel failed to investigate and subpoena photographs of defendant's hands to be included in defendant's argument for interlocutory appeal and to challenge the credibility of the witness at trial[,] constituting a Brady[3] [v]iolation.
[(Not raised below)]

[B].   Counsel failed to investigate [the] victim to uncover "new evidence" and order a psychological exam/[N.J.R.E.] 104 hearing.
[(Partially raised below)]

[C].   Counsel failed to adequately challenge "hearsay-inadmissible" and "evidence not authenticated."
[(Partially raised below)]

[D].   Counsel failed to request a Wade-Henderson[4] [h]earing.
[(Not raised below)]

---

3   Brady v. Maryland, 373 U.S. 83 (1963).

4   United States v. Wade, 388 U.S. 218 (1967); State v. Henderson, 208 N.J. 208 (2011).

## II.

To the extent defendant's arguments challenge the PCR judge's legal conclusions, our review is de novo. State v. Parker, 212 N.J. 269, 278 (2012). "[W]here, as here, no evidentiary hearing was conducted, we may review the factual inferences the court has drawn from the documentary record de novo." State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016); see also State v. Harris, 181 N.J. 391, 421 (2004).

As a threshold matter, however, we will not consider the arguments advanced by defendant in points I, II, III, and IV(A) and (D). None of the contentions raised in those points was presented to the PCR judge for his review, despite defendant's opportunity to do so in his counseled brief and pro se submission. None of those contentions was supported by a sworn statement. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (citing R. 1:6-6).

"For sound jurisprudential reasons, with few exceptions, '[we] will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available.'" State v. Witt, 223 N.J. 409, 419 (2015) (quoting State v. Robinson, 200 N.J. 1, 20 (2009)). Indeed, our Supreme Court has long held appellate courts do not "consider questions or

issues not properly presented to the trial court when an opportunity for such a presentation is available unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest." Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quotations omitted). "Generally, an appellate court will not consider issues, even constitutional ones, which were not raised below." State v. Galicia, 210 N.J. 364, 383 (2012).

For the first time on appeal, in point I, defendant contends trial counsel was ineffective for failing to persuade the trial court to strike the State's closing comment. That comment invited the jury to visually compare the complexion of defendant's hands with that of the hand portrayed in the video. Notably, defendant raised a different argument about the video recording before the PCR judge, contending trial counsel failed to argue the grandmother was not authorized to access her daughter's computer.

In his pro se brief, defendant incongruously asserts the prosecutor withheld post-arrest photographs of defendant's hands, which depicted his tattoos, and trial counsel failed to subpoena those photographs. Defendant did not raise any improprieties about the photographs of his hands before the PCR judge.

Further, defendant improperly annexed to his pro se supplemental appellate brief copies of eight photographs purportedly depicting his hands. See Cummings, 321 N.J. Super. at 170; see also R. 1:6-6. There are at least two problems with that "evidence." Initially, the material was not presented to the PCR judge for his consideration and, thus, it is inappropriate for consideration on appeal. See Zaman v. Felton, 219 N.J. 199, 226-27 (2014); Robinson, 200 N.J. at 20. Secondly, both trial and appellate courts "cannot fill in missing information on their own." N.J. Div. of Child Prot. & Permanency v. A.L., 213 N.J. 1, 28 (2013).

In sum, none of defendant's newly-minted contentions is jurisdictional in nature or substantially implicates a public interest. Moreover, the record is insufficient to permit the adjudication of defendant's delayed challenges especially here, where defendant failed to support his bare assertions with a previously-filed sworn statement "alleg[ing] facts sufficient to demonstrate counsel's alleged substandard performance." Cummings, 321 N.J. Super. at 170. Further, defendant has not specifically challenged the PCR judge's findings. Because our task on this appeal is to review the PCR court's rulings in view of the record before us, we decline to consider defendant's belated arguments.

A-1448-18T1

We turn to the arguments raised in defendant's point IV(B) and (C), which were partially raised before the PCR judge. Having carefully reviewed those contentions in view of the applicable law, we conclude they lack sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons set forth by the PCR judge in his well-reasoned decision. We simply note, to the extent defendant seeks to supplement his arguments on appeal, we again decline to consider those arguments that were not raised before the PCR judge.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1448-18T1